**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerome Owens, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2017-000694

———

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———

Unpublished Opinion No. 2018-UP-305
Submitted May 1, 2018 – Filed July 5, 2018

———

**AFFIRMED**

———

Jerome Owens, pro se.

Annie Laurie Rumler, of the South Carolina Department
of Corrections, of Columbia, for Respondent.

———

**PER CURIAM:** Jerome Owens appeals the Administrative Law Court's (ALC's) dismissal of his appeal from the final ruling of the South Carolina Department of Corrections (the Department). We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742,

———

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

750 (2000) ("[A]n inmate may seek review of [the] Department's final decision in an administrative matter under the [Administrative Procedures Act]."); S.C. Code Ann. § 1-23-610(B) (Supp. 2017) ("The review of the [ALC's] order must be confined to the record."); *id.* (stating this court may reverse the ALC if its decision is "affected by [an] error of law" or "characterized by abuse of discretion" and appellant's substantive rights have been prejudiced as a result); SCALC Rule 51 (stating the section of the Rules of Procedure for the Administrative Law Court on special appeals "shall apply exclusively in matters heard on appeal from final decisions pursuant to *Al-Shabazz v. State*"); SCALC Rule 59 (stating the notice of appeal must be filed with the ALC and served on each party, including the Department, within thirty days of receipt of the decision from which the appeal is taken); SCALC Rule 62 (providing that upon "its own motion, [the ALC] may dismiss an appeal . . . for failure to comply with any of the rules of procedure for appeals, including the failure to comply with any of the [applicable] time limits").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[2] Although we do not reach the merits of Owens's underlying claim, we note nothing prevents him from filing another grievance challenging the Department's calculation of his sentence.